UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING CONSTRUCTION LABORERS DISTRICT COUNCIL, et al.<br><br>   Petitioner,<br><br> v.<br><br>ROBERT DEFOREST DEMOLITION CO, INC.<br><br>   RESPONDENT. | Civil Action No. 11-7561 (JAP)<br><br>**OPINION** |

PISANO, District Judge.

On December 29, 2012, petitioners New Jersey Building Construction Laborers District Council and Its Local Unions ("Petitioner") filed a petition to confirm an arbitration award ("Petition") that was entered September 19, 2011 against Respondent Robert DeForest Demolition Company, Inc. ("Respondent") in favor of Petitioner. On January 25, 2012, upon motion by Petitioner, this Court entered an Order confirming the arbitration award. The motion to confirm the award was unopposed. Judgment in the amount of $81,902 was entered against Respondent. Presently before the Court is a motion by Respondent to set aside that judgment and vacate the arbitration award. For the reasons below, Respondent's motion is denied.

A district court may set aside a final judgment only in specific circumstances as set forth in Federal Rule of Civil Procedure 60(b). Under Rule 60(b), a court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Generally speaking, Respondent argues that relief from the judgment in this case is warranted based on facts showing that Respondent's lone shareholder was diagnosed with a terminal illness a little over a year prior to the date of the arbitration award. The shareholder died after entry of the arbitration award and before Petitioner's filing of the petition to confirm the arbitration award ("Petition"). The decedent's wife, as executrix of her husband's estate, did not take any action with respect to the arbitration award or the Petition until the filing of the instant motion.

Although Respondent makes its argument under the standard applicable to vacate a default judgment,[1] the motion is more properly one under Rule 60(b). The two subsections potentially applicable here are subsection (1), *i.e.*, "excusable neglect" or subsection (6), the

---

[1] Although Respondent's motion is styled as one "to vacate default judgment and the arbitration award," the Court did not enter judgment by default.

2

"catchall" provision of the rule. The test for "excusable neglect" under Rule 60(b)(1) is equitable, and requires a court to weigh the totality of the circumstances. *Nara v. Frank*, 488 F.3d 187, 193-94 (3d Cir. 2007). Courts consider four factors in determining whether a party is entitled to relief under Rule 60(b)(1): (1) prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was the movant's control; and (4) whether the movant acted in good faith. *Id.* at 194. With regard to Rule 60(b)(6), relief under that subsection is "extraordinary, and [only] special circumstances may justify granting it." *Moolenaar v. Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A party may not be granted relief under this section unless that party is "faultless in the delay …[i]f a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

As noted above, according to Respondent, the sole shareholder of Respondent corporation was Robert DeForest. Mr. DeForest died on November 5, 2011 after being initially diagnosed with cancer in July 2010. Prior to Mr. DeForest's death, it does not appear that Respondent took any action relating to the arbitration proceeding or the award. Mr. DeForest's death occurred approximately two months after the arbitration award was entered and two months prior to the Petition being filed with this Court.

Mr. DeForest's widow, Nora Sue Eller, was appointed as the executrix of his estate on November 16, 2011. *See* Respondent's Exhibit M. Ms. Eller states that she was became aware of the "arbitration award" in "early January," a short time after the Petition was filed, when she received paperwork addressed to her husband in the mail. Eller Aff. ¶ 9. Ms. Eller,

despite accepting the responsibility as executrix of her husband's estate, did not take any action and presumably did not timely seek legal counsel with regard to the award or the Petition. In this regard, she states that "[f]inances and legal matters were not of an immediate concern as I had just buried my husband." Eller Aff. ¶ 10.

The Court is sympathetic to Ms. Eller's loss and the grief that she no doubt experienced. However, the Court cannot find that the standards of Rule 60(b)(1) or (b)(6) have been met here. Respondent admits that the Petition was received by Ms. Eller and that Ms. Eller was aware of the arbitration award shortly after the Petition to confirm the award was filed. Eller Aff. ¶ 9. However, the executrix chose not to act. Indeed, there was not even a request for an extension of time to respond in light of the circumstances. Thus, the Court cannot conclude that Respondent was "faultless" in the delay so as to permit relief under Rule 60(b)(6).

Furthermore, taking into account the totality of the circumstances and the four factors relevant under Rule 60(b)(1), the Court finds that the facts do not establish excusable neglect. In particular, the Court finds that the third 60(b)(1) factor, "the reason for the delay and whether it was the movant's control," weighs against such a finding. Although Respondent's sole shareholder was deceased at the time the Petition was filed, the legal representative of his estate had been appointed over a month before the Petition was filed. Moreover, the executrix does not deny that she had timely notice of the Petition, nor does she assert that she was completely unaware that some action in regard to it was necessary. Rather, she asserts that "she did not immediately take action to challenge the arbitration award on behalf of the estate" because "[f]inances and legal matters were not of an immediate concern" in light of her husband's death. However, if the executrix felt that she would be unable to carry out the

responsibilities of the position, she could have declined the appointment as executrix of the estate or resigned. However, she decided instead to take no action with respect to the Petition for several months.

Consequently, for the reasons above, the Court denies Respondent's motion. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: October 24, 2012